UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
|    WILLIAM E. DANIEL ) | Case No. 00-81082-SSM |
|    ANA M. DANIEL ) | Chapter 7 |
| ) | |
|              Debtors ) | |
| ) | |
| WILLIAM E. DANIEL ) | |
| ) | |
|              Plaintiff ) | |
| ) | |
| vs. ) | Adversary Proceeding No. 06-1139 |
| ) | |
| MITSUBISHI MOTOR CREDIT OF ) | |
| AMERICA, INC. ) | |
| ) | |
|              Defendant ) | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR MORE DEFINITE STATEMENT**

Before the court is the motion of the defendant, Mitsubishi Motor Credit of America, Inc. ("Mistsubishi Credit") for a more definite statement. Having reviewed the motion and the complaint, the court determines that oral argument is not required. L.B.R. 9013-1(L). For the reasons stated, the motion will be denied.

Background

William E. Daniel and Ana M. Daniel ("the debtors") filed a voluntary petition in this court on October 6, 2000, for relief under chapter 7 of the Bankruptcy Code, and received a discharge on January 18, 2001. The trustee having filed a report of no distribution in the interim, an order was entered on January 23, 2001, closing the case. Among the creditors

1

listed on the debtors' schedules was Mitsubishi Credit, which was shown as having a $28,635.00 claim secured by a 2000 Mitsubishi Montero automobile worth $28,000. The statement of intention filed in the case stated that the debtors intended, without redeeming the collateral or reaffirming the debt, to retain the vehicle and make payments. Some five years later, Mr. Daniel moved to reopen the case in order to bring an adversary proceeding against Mitsubishi Credit for violating the discharge injunction. The case was reopened on July 20, 2006, and the present adversary proceeding was filed on July 21, 2006.

## Discussion

If a complaint in an adversary proceeding "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," the party may, prior to filing an answer, make a motion for a more definite statement. Fed.R.Civ.P. 12(e). In this case, the complaint, after reciting the bankruptcy filing, discharge, and scheduling of Mitsubishi Credit's debt, Complaint ¶ 7-8, alleges that in July 2005 Mitsubishi Credit reported the status of the account to one of the big three credit reporting agencies as follows:

> Petition for Chapter 7 Bankruptcy/Never late. Balloon payment of $11,741 due Dec. 2004, purchased by another lender and Account charged off. $10,104 written off. $10.097 [*sic*] due as of Jul 2005.

Complaint ¶ 16. The complaint then goes on to allege that Mitsubishi Credit intentionally reported the debt as "due" and "charged off" instead of "included in bankruptcy" or "discharged in bankruptcy" in the hope or expectation that the debtor would be forced by circumstances (such as the desire to improve his credit score or in order to qualify for credit with another lender) to pay the debt notwithstanding the discharge of his personal liability. Complaint ¶¶ 21-23, 25, 37, 39-40.

2

It is true, as Mitsubishi Credit points out, that the complaint is long on allegations asserting a general pattern or practice by Mitsubishi Credit of reporting discharged debts as charged off or past due rather than discharged in bankruptcy and short on specifics concerning Mr. Daniel.  However, it seems clear from the context that the purpose of the allegations concerning other debtors is (1) to buttress the assertion that the reporting of Mr. Daniel's discharged debt as "due" and "charged off" was not an isolated occurrence but part of a general practice, and (2) to raise an inference that Mitsubishi Credit's purpose in reporting discharged debts that way is to obtain payment of discharged debts.

The complaint, to be sure, is hardly the model of "a short and plain statement of the claim showing that the pleader is entitled to relief" enjoined by the Federal rules.  Fed.R.Civ.P. 8(a); Fed.R.Bankr.P. 7008.  Some of the allegations are probably surplusage, while others amount to pleading the expected evidence.  However, the complaint, whatever its other faults, is neither "vague" or "ambiguous."  One may fairly debate whether reporting a discharged debt as "charged off" constitutes a violation of the discharge injunction. § 524(a)(2), Bankruptcy Code.  One may further debate—once a factual record has been established—whether the report in this case was made with actual intent to coerce payment of the discharged debt.  *See Helmes v. Wachovia Bank, N.A. (In re Helmes)*, 336 B.R. 105 (Bankr. E.D. Va. 2005).  But those are different questions from whether the complaint is so vague or ambiguous that Mitsubishi Credit cannot reasonably be expected to frame an answer.

In its motion, Mitsubishi Credit raises a number of issues it would like the debtor to address in the complaint.  These include any efforts by Mr. Daniel to correct the credit

report, whether he made post-discharge payments on the vehicle,[1] what disposition was made of the vehicle, and an itemization of damages.[2]  All this is no doubt information to which Mitsubishi Credit is entitled; but that does not mean it must be set forth in the complaint.  Under the Federal rules, a complaint need provide only a "short and plain statement" that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002).  Attempts at surprise are addressed not by requiring the plaintiff to set forth in the complaint the evidence upon which he will rely at trial, but rather through liberal discovery rules.  In this connection, one of the matters Mitsubishi Credit seeks to have the complaint "amplified" to address is an itemization of Mr. Daniel's damages.  However, this is information that Mr. Daniel will have to provide in any event as part of his initial disclosures. Fed.R.Civ.P. 26(a)(1)(C).  The other information Mitsubishi Credit seeks to have incorporated into the complaint are likewise matters that may readily be obtained through discovery.   Rule 12(e), in any event, is not intended as a substitute for discovery.  *Simaan, Inc., v. BP Prods. N. Am., Inc.*, 395 F. Supp. 2d 271, 280 (M.D .N.C. 2005).

---

[1]  As noted, the statement of intent indicated that the debtor's intention was to continue making payments on the vehicle without reaffirming the debt (the so-called "fourth option"). *See Home Owners Funding Corp. of America v. Belanger (In re Belanger)*, 962 F.2d 345 (4th Cir. 1992); *Riggs Nat'l Bank v. Perry*, 729 F.2d 982 (4th Cir. 1984).

[2]  Mitsubishi Credit also wants Mr. Daniel to identify "each communication" that he alleges constituted an attempt to collect the discharged debt.  The complaint seems clear, however, that there were no such communications to the debtor; at least, the complaint does not rely on the existence of any communication other than the reporting of the debt to the credit reporting agency.

O R D E R

For the reasons stated, the court determines that the complaint is sufficiently clear that the defendant can reasonably frame an answer. It is, accordingly,

**ORDERED:**

1. The motion for more definite statement is denied.

2. The defendant shall file an <u>answer</u> within <u>10 days</u> of the entry of this order. An answer must be filed within the time stated even if the defendant also files a motion to dismiss or other dispositive motion.

3. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge


Copies to:

Robert R. Weed, Esquire
Law Offices of Robert Ross Weed
7900 Sudley Road, Suite 409
Manassas, VA 20109
Counsel for the plaintiff

Christopher M. Corchiarino, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South St. 20th Floor
Baltimore, MD 21202
Counsel for the defendant